# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JOHN MCCORMACK,

    Petitioner,

v.

WARDEN ANTOINE CALDWELL,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-83

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John McCormack ("McCormack"), who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Evans County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 6, 7), and McCormack filed a Response to the Motion to Dismiss, (doc. 11). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** McCormack's Section 2254 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** a Certificate of Appealability and **DENY** McCormack *in forma pauperis* status on appeal.

## BACKGROUND

McCormack was found guilty of eight counts of child molestation and one count of aggravated sexual battery in the Evans County, Georgia Superior Court on September 8, 2005. (Doc. 1, p. 2.) He was sentenced to twelve years' confinement. (Id.) McCormack timely filed a motion for new trial on September 26, 2005, but withdrew this motion over four years later on

December 29, 2009. (Doc. 7-1, p. 4.) On August 22, 2012, McCormack filed a motion for an out-of-time appeal, but the Georgia Court of Appeals denied the motion on October 25, 2013. (Doc. 9-4.)

McCormack filed a state habeas corpus petition in Wilcox County, Georgia, Superior Court on March 25, 2013. (Doc. 9-1.) McCormack asserted that he was denied effective assistance of counsel during his appeal and that he was unable to retrieve his jury trial transcripts until January 17, 2013. (Id. at p. 5.) Following an evidentiary hearing on April 24, 2014, the state habeas court denied relief on June 9, 2014. (Doc. 9-3.) The Georgia Supreme Court denied McCormack's application for a certificate of probable cause to appeal the state habeas court's denial of relief on June 1, 2015. (Doc. 9-5.)

## DISCUSSION

McCormack filed this federal petition for writ of habeas corpus on July 27, 2015. (Doc. 1.) McCormack challenges his Evans County convictions on three grounds. First, McCormack alleges prosecutorial misconduct when the prosecutor allegedly withheld admissible evidence beneficial to McCormack by "placing favorable evidence under state seal" so that it could not be used for trial. (Id. at p. 5.) Second, McCormack alleges that his appellate counsel was ineffective and stymied his ability to file a timely appeal. (Id.) Finally, McCormack alleges that his conviction was improper because it violated "the double jeopardy clause of the Fifth Amendment" because he was subjected to "four (4) separate jury trials based on the same accusations[.]" (Id.)

Respondent avers McCormack's petition was untimely filed and should, therefore, be dismissed. (Doc. 7.) McCormack responds that the statute of limitations period applicable to his Section 2254 claim was tolled because he had ineffective assistance of appellate counsel, and the

2

"tolling clock" actually began on October 25, 2013, when his out-of-time appellate review concluded. (Doc. 12, p. 3.) The Court now addresses Respondent's assertion.

### I. Whether McCormack's Petition was Timely Filed

To determine whether McCormack's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year of the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

McCormack's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). McCormack was convicted in the Evans County Superior Court on September 8, 2005. (Doc. 7-1, p. 4.) McCormack timely filed a motion for new trial on September 26, 2005, but four years later, on December 29, 2009, he withdrew the motion. (Id.) Therefore, his conviction became final on December 29, 2009, because he specifically waived his right to appeal the judgment of conviction in his withdrawal.

(Doc. 9-4, pp. 3, 4.) Thus, McCormack had one year from December 29, 2009, in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, McCormack's conviction became final on December 29, 2009. (Doc. 7-1, p. 4.) He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. McCormack filed his state habeas corpus petition on March 25, 2013—1,182 days after his conviction became final. (Id.) The Wilcox County, Georgia, Superior Court denied habeas relief on June 9, 2014. (Doc. 9-3) The Georgia Supreme Court denied McCormack's certificate of probable cause to appeal on June 1, 2015. (Doc. 9-5.) McCormack then waited 56 days to submit his federal habeas petition on July 27, 2015. (Doc. 1.) In total, McCormack waited 1,238

days to file his federal petition—significantly beyond the applicable one-year statute of limitations period.

Having determined that statutory tolling is not available to McCormack, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

McCormack arguably avers that he is entitled to equitable tolling of the statute of limitations. McCormack contends that his appeal was late because he had ineffective assistance of appellate counsel. He argues that he filed an out-of-time appeal with the state court as soon as the transcripts from the jury trial were made available to him.[1] (Doc. 9-1, p. 5.) However, McCormack's contention is without merit because, as the Georgia Court of Appeals held when ruling on the out-of-time appeal, McCormack "waived appellate review of the issue of his counsel's ineffectiveness because he failed to raise it in his motion for an out-of-time appeal[.]" (Doc. 9-4, p. 5.) Thus, McCormack's conviction became final and the statute of limitations began to run on December 9, 2009, when he withdrew the motion for new trial. In addition,

---

[1] See Sessions v. State, 743 S.E.2d 391, 393 (Ga. 2013) ("An out-of-time appeal is a judicially created remedy for a frustrated right of appeal and is granted if the defendant shows he lost his right to a direct appeal through the error of counsel.")

5

McCormack fails to show that he was "pursuing his rights diligently." Plaintiff waited over four years to withdraw his motion for new trial and almost another four years before he filed a motion for out-of-time appellate review and his state habeas petition. Accordingly, McCormack is not entitled to equitable tolling, and as such, McCormack untimely filed his Section 2254 Petition, and his Petition is subject to dismissal.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny McCormack leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though McCormack has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith,

6

if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies McCormack a Certificate of Appealability, McCormack is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a),

Rules Governing Section 2254 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should also **DENY** McCormack *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** McCormack's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case.  I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** McCormack leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon McCormack and the Government.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA